**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN J. O'BRIEN, III, Esq.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**EMILY R. PROVENCHER, Esq., et al.,**<br><br>*Defendants.* | **Case No. 2:26-cv-00354-JDW** |

## MEMORANDUM

More than anyone, lawyers should understand that in an adversarial proceeding, there is often a winner and a loser. The losing party might think that he got a raw deal, but that's not enough to permit him to bring a lawsuit against the people who pursued the claims against him. In this case, John O'Brien III lost a contested disciplinary proceeding before the Pennsylvania bar disciplinary authorities. He claims he got a raw deal because the prosecuting authorities engaged in some shady conduct. But even if he's right, federal law does not afford him a remedy. Sovereign immunity bars his claims against the disciplinary counsel in their official capacities. Quasi-judicial immunity and prosecutorial immunity bar the claims in their individual capacities, and the statute of limitations bars the claims against one of the defendants as well. And, to top it off, the Complaint fails to state a claim on which to base relief. I will therefore dismiss the Complaint with prejudice.

## I. BACKGROUND

Mr. O'Brien is a Pennsylvania attorney who was the subject of disciplinary proceedings arising from his handling of funds deposited into his IOLTA account. The matter began after a bank dishonored two settlement checks that Pennsylvania Insurance Fund issued, causing the IOLTA account to go into the red. Mr. O'Brien alleges that the checks were issued in connection with a case in which he represented John Goldstein, that he deposited the settlement check into his IOLTA account, and that he then issued a bank check to Goldstein's son after being told the funds would be available. When the first two checks were dishonored, the account was overdrawn. Mr. O'Brien maintains that no client lost money and that the overdrafts resulted from the dishonored checks rather than any misuse of client funds.

The overdrafts prompted an inquiry into Mr. O'Brien's handling of the account. After an initial conversation with an attorney affiliated with the Pennsylvania Bar, Mr. O'Brien says he was told that no further action would be taken. But several months later, Ms. Beatty, an attorney with the Office of Disciplinary Counsel, contacted Mr. O'Brien and told him that he had violated the ethics rules and that she would investigate. Mr. O'Brien retained counsel to assist him in discussions with Ms. Beatty. According to the Complaint, Ms. Beatty sought a one-year suspension and indicated that she would oppose Mr. O'Brien's reinstatement after that period.

The ODC initiated formal disciplinary proceedings. Ms. Beatty prosecuted those proceedings. Mr. O'Brien filed an answer, participated in a disciplinary hearing, testified on his own behalf, and presented witnesses and exhibits. The parties disputed, among other things, the circumstances surrounding the overdrafts, Mr. O'Brien's handling of the funds, and whether his conduct warranted suspension. Mr. O'Brien alleges that Ms. Beatty presented false evidence during the proceedings, including evidence concerning his use of the IOLTA account and statements about what he had admitted concerning client funds. He also alleges that Ms. Beatty argued that the public would be at risk if he continued to practice law and advocated for a suspension.

The disciplinary proceedings continued through Pennsylvania's disciplinary system. The Hearing Committee issued its recommendation, and the Disciplinary Board reviewed the matter. The Pennsylvania Supreme Court ultimately suspended Mr. O'Brien from the practice of law for two years in an order dated July 27, 2021. Mr. O'Brien disagreed with that result and with Ms. Beatty's conduct during the proceedings. He alleges that she continued to advocate for a suspension after the Hearing Committee rejected the sanction she first sought, presented false information to the disciplinary authorities, and misrepresented his statements concerning the IOLTA account.

Mr. O'Brien later sued Ms. Beatty in the Montgomery County Court Of Common Pleas based on her conduct during the disciplinary proceedings. He alleged, among other things, that Ms. Beatty presented false evidence and engaged in improper

communications to try to obtain an increased sanction. The trial court dismissed his claims, and the Pennsylvania Superior Court affirmed. *See O'Brien v. Beatty*, 329 A.3d 685 (2024), appeal denied, 341 A.3d 48 (Pa. 2025). The Superior Court held that Pennsylvania Rule of Disciplinary Enforcement 209(b) immunized Disciplinary Counsel from civil suits based on conduct undertaken in the course of their official duties.

Mr. O'Brien filed this action on January 16, 2026. He again challenges the conduct of officials involved in his disciplinary proceedings, alleging that Ms. Beatty fabricated evidence, lied to disciplinary authorities, and committed a "fraud on the court." (ECF No. 1 at ¶ 44.) He also names Ms. Provencher, alleging that on October 1, 2025, she "continued the effort to suspend" him. (*Id.* at ¶ 47.) Mr. O'Brien brings claims under 42 U.S.C. § 1983. Ms. Beatty and Ms. Provencher move to dismiss, arguing that sovereign, quasi-judicial, and prosecutorial immunity bar the claims, that the claims against Ms. Beatty are untimely, and that Mr. O'Brien has not stated a claim upon which relief can be granted. The motion is ripe.

## II. LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (same). In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* at 786-87 (same). First, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted). In considering a motion to dismiss, a court may also take judicial notice of matters of public record, such as state court proceedings. *See Hartig Drug Co., Inc. v. Senju Pharm. Co., Ltd.*, 836 F.3d 261, 268 (3d Cir. 2016).

Courts must construe pro se complaints liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). In doing so, however, courts "may not rewrite a plaintiff's allegations." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 309 (3d Cir. 2003).

## III. ANALYSIS

### A. Official Capacity Claims

Under the Eleventh Amendment and broader notions of sovereign immunity, states are immune from private suits without their consent. U.S. Const. amend. XI; *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). Because an official capacity suit against

a state official is really a suit against the state, "[a] state official sued in an official capacity is generally entitled to immunity under the Eleventh Amendment." *Poplawski v. Vilarino*, 2022 WL 717277, at *2 (E.D. Pa. Mar. 10, 2022); *see also Ex parte Young*, 209 U.S. 123, 150 (1908). Such immunity "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996).

The Complaint does not say whether Mr. O'Brien sues Ms. Beatty and Ms. Provencher in their individual capacities, their official capacities, or both. To the extent Mr. O'Brien brings official-capacity claims, the Eleventh Amendment bars those claims. The Pennsylvania Supreme Court and the Disciplinary Board are components of Pennsylvania's Unified Judicial System and are arms of the Commonwealth for purposes of Eleventh Amendment immunity. *See Callahan v. City of Phila.*, 207 F.3d 668, 672 (3d Cir. 2000). The Office of Disciplinary Counsel is part of the Disciplinary Board and serves as counsel to the Disciplinary Board in the administration and prosecution of attorney-discipline matters. *See Murphy v. Off. of Disciplinary Couns.*, No. 17-1239, 2019 WL 4752059, at *16 (E.D. Pa. Sept. 30, 2019), aff'd, 820 F. App'x 89 (3d Cir. 2020). Thus, when Mr. O'Brien sues Ms. Beatty or Ms. Provencher in her official capacity for conduct undertaken as Disciplinary Counsel, he is effectively suing an arm of Pennsylvania's judicial disciplinary system and, therefore, the Commonwealth itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

And while immunity under the Eleventh Amendment is not absolute, none of the recognized exceptions applies to Mr. O'Brien's claims. The Third Circuit has identified three primary exceptions to Eleventh Amendment immunity: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law under *Ex parte Young*. *See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). The first two exceptions do not apply. Congress did not abrogate the States' immunity when it enacted Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 339-46 (1979). And Pennsylvania has not consented to suit in federal court. *See* 42 Pa. C.S. § 8521(b); *Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223, 227 (3d Cir. 2000).

Nor does *Ex parte Young* help Mr. O'Brien. That exception permits a suit against a state official when the plaintiff seeks prospective relief to end an ongoing violation of federal law. *See Ex parte Young*, 209 U.S. at 159-60; *MCI Telecomm. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 506 (3d Cir. 2001). To be applicable, the complaint must allege an ongoing violation of federal law and seek relief properly characterized as prospective. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Mr. O'Brien does neither. His claims arise from Ms. Beatty's and Ms. Provencher's past conduct in investigating and prosecuting his disciplinary proceedings. He does not identify an ongoing violation of federal law, and he does not ask me to regulate Defendants' future conduct. Instead, he seeks damages for what he says Defendants did wrong during the disciplinary process.

That is a retrospective claim, not a suit to end an ongoing violation. *See MCI*, 271 F.3d at 506. The *Ex parte Young* exception therefore does not apply, and the Eleventh Amendment bars any claims against Ms. Beatty and Ms. Provencher in their official capacities.

### B. Individual Capacity Claims

#### 1. Quasi-judicial immunity

The doctrine of quasi-judicial immunity provides that those "who perform functions closely associated with the judicial process" are immune from damages suits in their individual capacities. *Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). The protection extends to persons who act on behalf of judicial officials when their conduct is sufficiently connected to the judicial function. *See Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 772-73 (3d Cir. 2000). Attorney-disciplinary proceedings fall within that sphere because they are "judicial in nature." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433 (1982). Courts in this Circuit have therefore extended quasi-judicial immunity to disciplinary counsel and others performing functions within the attorney-disciplinary process. *See, e.g., Capogrosso v. Supreme Ct. of N.J.*, 588 F.3d 180, 184-85 (3d Cir. 2009); *Murphy*, 2019 WL 4752059, at *18; *Haagensen v. Supreme Ct. of Pa.*, 651 F. Supp. 2d 422, 433 (W.D. Pa. 2009); *Frankel v. Disciplinary Bd. of Sup. Ct. of Pa.*, No. 05-CV-1450, 2005 WL 2994354, at *2 (E.D. Pa. Nov. 8, 2005).

The Complaint places both Ms. Beatty and Ms. Provencher within that protected sphere. Mr. O'Brien alleges that Ms. Beatty investigated him, negotiated with him concerning a potential suspension, filed the disciplinary complaint, presented evidence and argument at the disciplinary hearing, sought a particular sanction, and continued to participate in the proceedings. He also alleges that she presented false evidence concerning his IOLTA account, mischaracterized his answer, argued that the public was at risk if he continued practicing, and sought an increased suspension after the hearing. As for Ms. Provencher, Mr. O'Brien alleges that, on October 1, 2025, she "continued the effort to suspend" him by sending a DB-7 letter and requesting a statement concerning a new disciplinary complaint and investigation. These allegations describe conduct undertaken within Pennsylvania's attorney-disciplinary process. Nothing in the Complaint suggests that either Ms. Beatty or Ms. Provencher was acting outside that process or performing a function unrelated to her responsibilities as Disciplinary Counsel. The fact that Mr. O'Brien challenges the way they performed those functions does not place the functions themselves outside the judicial process.

Mr. O'Brien appears to recognize this problem and alleges that Ms. Beatty "waived" her immunity by lying, fabricating evidence, committing a "fraud on the court," and acting with an improper motive. Those allegations do not change the immunity analysis. The question is whether the challenged conduct was part of the judicial function, not whether the official performed that function properly. And the Pennsylvania Superior Court has

already rejected the same attempt to avoid immunity in Mr. O'Brien's prior action against Ms. Beatty. In that case, Mr. O'Brien alleged that Ms. Beatty presented false evidence and engaged in improper communications while prosecuting his disciplinary matter. The Superior Court nevertheless held that Rule 209(b) immunized Ms. Beatty because the challenged conduct occurred in the course of her official duties during the disciplinary proceedings. *O'Brien,* 329 A.3d at 690-91. The allegations in this caxe likewise concern conduct undertaken as part of the disciplinary process. I therefore conclude that quasi-judicial immunity bars Mr. O'Brien's individual-capacity claims against Ms. Beatty and Ms. Provencher.

### 2. Prosecutorial immunity

Prosecutorial immunity provides a separate basis for dismissing Mr. O'Brien's individual-capacity claims against Ms. Beatty and Ms. Provencher. Prosecutors enjoy absolute immunity for actions taken in their role as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 427-38 (1976). Prosecutorial immunity also extends to state officials and attorneys when they are performing "certain functions analogous to those of a prosecutor." *Butz v. Economou*, 438 U.S. 478, 515-16 (1978). The Supreme Court has held that decisions to initiate and prosecute administrative proceedings against an individual are "very much like the prosecutor's decision to initiate or move forward with a criminal prosecution." *Id.* at 515. Some courts have concluded that "[h]earing officers and counsel are deemed to be performing functions analogous to those of a prosecutor when they

consider and prosecute disciplinary complaints and, therefore, are entitled to prosecutorial immunity." *Ostrowski v. Killion*, Case No. 14-1727, 2015 WL 5286622, at *4 (M.D. Pa. Sept. 10, 2015) (citation omitted).

Ms. Beatty's alleged conduct falls within that protection. She investigated Mr. O'Brien, initiated the disciplinary matter, presented the case against him, and advocated for a particular sanction. Ms. Provencher likewise pursued a new disciplinary complaint and investigation against him. The decision to initiate or continue an adjudicatory proceeding is precisely the sort of conduct that courts place within the protection of prosecutorial immunity. *Butz*, 438 U.S. at 516; *Rose v. Bartle, 871 F.2d 331, 343–47 (3d Cir. 1989)*. To be sure, Mr. O'Brien does not allege that either Ms. Beatty or Ms. Provencher was acting as a private individual or performing some function unrelated to the prosecution of disciplinary matters. His allegations instead concern how they exercised their prosecutorial authority. Prosecutorial immunity therefore independently bars the individual-capacity claims against both Ms. Beatty and Ms. Provencher.

**3. Statute of limitations**

Even putting immunity aside, Mr. O'Brien's claims against Ms. Beatty appear to be untimely. Section 1983 does not contain its own statute of limitations, so courts borrow the limitations period applicable to personal-injury actions under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, that period is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa. Cons. Stat. § 5524(2). Mr. O'Brien filed this action on

January 16, 2026. Unless some basis exists for tolling the limitations period or delaying accrual, a Section 1983 claim based on conduct occurring before January 16, 2024, is therefore untimely.

The Complaint places Ms. Beatty's alleged conduct well outside that period. Mr. O'Brien alleges that Ms. Beatty investigated him, negotiated over a proposed suspension, filed the disciplinary complaint, presented evidence at the hearing, argued that the public was at risk, sought a suspension, and later presented allegedly false information to the disciplinary panels. All of those allegations concern the disciplinary proceeding that began in 2020 and concluded in 2021. The Disciplinary Board's Report and Recommendations and the Pennsylvania Supreme Court's Order dated July 27, 2021, confirm that chronology. The Pennsylvania Superior Court's decision in Mr. O'Brien's prior action against Ms. Beatty does as well. *See O'Brien*, 329 A.3d at 685-89. Nothing in the Complaint identifies any conduct by Ms. Beatty after that proceeding that could bring his claims within the two-year limitations period. His claims against Ms. Beatty therefore appear to have accrued, at the latest, when the disciplinary proceedings concluded in 2021. By the time Mr. O'Brien filed this action in January 2026, more than four years had passed.

The analysis is different for Ms. Provencher. Mr. O'Brien alleges that, on October 1, 2025, Ms. Provencher "continued the effort to suspend" him by pursuing a new disciplinary complaint and investigation. That alleged conduct falls within two years of the

filing of this action. I therefore will not dismiss the claims against Ms. Provencher on statute of limitations grounds.

### C. Failure To State A Claim

Even putting the immunity defenses aside, Mr. O'Brien has not stated a claim under Section 1983. Section 1983 provides for a cause of action against "[e]very person who, under color of any statute ... of any State ... subject[ ] ... any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. The statute "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 816 (1985). As such, Section 1983 is the vehicle pursuant to which individuals may bring federal causes of action against state actors who have allegedly deprived them of their constitutional rights.

Mr. O'Brien appears to assert a procedural due process claim. To state such a claim, he must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). But Mr. O'Brien does not allege that he lacked notice of the disciplinary charges or an opportunity to contest them. The materials concerning his disciplinary proceedings show that he received notice, filed an answer, participated in a hearing,

presented witnesses and exhibits, submitted briefing, and challenged the resulting decision before the Disciplinary Board and the Pennsylvania Supreme Court. Those procedures provided him an opportunity to be heard.

Mr. O'Brien instead challenges the evidence and arguments presented against him. He alleges that Ms. Beatty presented false evidence, made false statements concerning his conduct, and sought a suspension that he believed was unwarranted. Those allegations do not state a procedural due process claim because Mr. O'Brien had an opportunity to contest those allegations within the disciplinary process. And his allegation that Ms. Provencher continued a disciplinary investigation in October 2025 does not change the analysis. He does not allege that she denied him notice or an opportunity to respond to the new disciplinary complaint. The Complaint therefore does not allege a deprivation of procedural due process.

Nor does Mr. O'Brien state a substantive due process claim. Such a claim requires conduct that is sufficiently arbitrary and egregious to "shock the conscience." *See United Artists Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392, 400–01 (3d. Cir.2003). The conduct alleged in the Complaint does not meet that standard. Investigating alleged professional misconduct, presenting evidence in a disciplinary proceeding, advocating for a sanction, and pursuing a disciplinary investigation are functions of Pennsylvania's attorney-discipline process. Even accepting Mr. O'Brien's allegations that Ms. Beatty presented false evidence or that Ms. Provencher pursued an unwarranted investigation,

the Complaint does not allege conduct that rises to the level of a substantive due process violation.

Mr. O'Brien therefore has not alleged a deprivation of a constitutional right. I will dismiss his Section 1983 claims against Ms. Beatty and Ms. Provencher for failure to state a claim.

## IV. CONCLUSION

Sovereign immunity bars Mr. O'Brien's official capacity claims, and quasi-judicial and prosecutorial immunity bar his claims against Ms. Beatty and Ms. Provencher in their individual capacities. The statute of limitations also bars the claims against Ms. Beatty. Mr. O'Brien cannot cure any of those flaws through an amended pleading. I will therefore grant the Motion to dismiss the case and dismiss the Complaint with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

September 8, 2026